By the Court.—O’Gorman, J.
—The action was to compel a specific performance by the defendant of his written *79 contract to surrender a certain bond of the Cameron Coal Company as in said contract provided. The contract is as follows : ‘‘In consideration of the services rendered, and to be rendered by Solomon L. Simpson, in the reorganization and improvement of the Cameron Coal Company, of Cameron, Pa.,we, the undersigned bondholders, of said Cameron Coal Company, hereby agree with said Solomon L. Simpson, and with each other, to surrender to said company, to be canceled, the number of bonds of said company set opposite our names respectively, and hereby consent to the satisfaction and cancellation of the mortgage securing the same, and agree to receive in place thereof, and in full payment therefor, stock of the said company as reorganized, of the par value of $50 per share equal in amount to bonds held and surrendered by us as aforesaid ; and we hereby deliver 'said bonds to said Simpson and authorize him to make the cancellation and exchange aforesaid.” This contract was signed by twenty-eight persons and firms, the defendant being the sixteenth on the list and signing for a bond of $1,000 in amount.
It appears by the findings of the trial judge that the defendant had not either when he signed this contract or at any time since then, this bond in his possession or under his control, but that it was then a part of the estate of defendant’ s deceased father, of which estate he was the executor, and that the bond was in actual possession of one Henry Hart, who had received it from defendant’s testator as collateral security for an alleged indebtedness of him to said Hart, and that the amount of that indebtedness was disputed by the defendant as said executor, and is now a question at issue between said Hart and him.
It also appears in evidence and the trial judge so found, that at the time of the signing of this agreement by defendant, the present delivery of the bond was waived and it was understood between plaintiff and defendant that the execution and delivery thereof to plaintiff was conditional, and that the same was not to be considered to be executed or delivered or in force against defendant until he should *80 have obtained possession of the bond from said Hart. The trial judge also found that defendant had repeatedly requested said Hart before the commencement of this action to deliver up said bond to the plaintiff to be exchanged on the terms stated in said agreement, but said Hart refused so to do, unless said disputed claim was first paid. The trial judge also found as matter of fact that the defendant prior to the commencement of the action was and ever since has been unable to deliver the bond in suit to the plaintiff, and that such inability arose from no fault of the defendant.
We see no reason to differ from the learned trial judge in his findings of fact.
There was some conflict of testimony between the witnesses for the plaintiff and the defendant, .which it was within his province' to adjust and reconcile, or to decide thereon according to what was, in his judgment, the weight of evidence. The question remains, whether, on such a state of facts, the plaintiff is entitled to the relief claimed in this action.
The aid of the court to enforce specific performance of a contract is not a matter of right, but is always within the judicial discretion of the court, guided by the rules of equity as applied to the circumstances of each particular case. It will not be granted when it will produce hardship or injustice to either of the parties (Willard v. Taylor, 8 Wall. 565-567).
In the case at bar, the trial judge found as a matter of fact that the plaintiff was aware before the commencement of the action that the bond was not owned by defendant personally, but was the property of the estate of which he was executor. The defendant, as. executor, is unable to perform this contract or to obtain possession of the bond until the dispute as to the amount legally due by his father’s estate to said Hart has been determined, and the object of this action is to compel the defendant to do forthwith an act, which it is impossible for him to perform.
*81 To require of Mm now as executor to procure delivery of the bond to Mmself by payment of any greater sum than is legally due to said Hart by the estate, would be manifestly unjust to the estate, and to compel defendant to procure the bond by paying out of his own pocket a sum of money not legally due to said Hart, would be a manifest injustice to defendant personally.
The exceptions to the admissibility of certain letters and of parol evidence were properly overruled by the trial judge. In an equitable action of this nature the court is justified in receiving all evidence which may be offered to show mistake or fraud, whereby the written contract fails to express the actual agreement, and to prove' the modifications necessary to be made therein either in limiting the scope of the writing, or in enlarging it (Abbott's Trial Ev. 730; Beardsley v. Duntley, 69 N. Y. 580; Briggs v. Partridge, 64 N. Y. 360).
The judgment of special term should be affirmed, with costs.
Sedgwick, Ch. J., and Truax, J., concurred.